UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH DOWNING,<br><br>      Plaintiff(s),<br><br>v.<br><br>OSVALDO FUMO, et al.,<br><br>      Defendant(s). | Case No. 2:23-cv-00419-ART-NJK<br><br>**ORDER**<br><br>[Docket No. 8] |

Pending before the Court is Plaintiff's motion to amend the complaint. Docket No. 8. A plaintiff is permitted to amend the complaint once as a matter of course when a Rule 12(b) motion or answer has not yet been filed. *See* Fed. R. Civ. P. 15(a)(1); *see also Vanguard Outdoor, LLC v. City of Los Angeles*, 648 F.3d 737, 748 (9th Cir. 2011). As no defendant has appeared in the case, the motion to amend is **GRANTED**.

Because Plaintiff is proceeding *in forma pauperis*, the Court herein screens the amended complaint pursuant to 28 U.S.C. § 1915(e).[1]

**I.   STANDARDS**

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

---

[1] The Court previously granted the application to proceed *in forma pauperis*, Docket No. 7, and Plaintiff has paid the partial filing fee, Docket No. 9. Accordingly, the matter is now ripe for screening Plaintiff's operative pleading. *See* Docket No. 7 at 2 n.1.

1

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

In addition, the Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

**II.     ANALYSIS**

Plaintiff attempts to bring claims against his prior criminal defense attorneys, their firm, and staff persons at the firm. *See* Docket No. 8-1 at 2. Although Plaintiff identifies his claims as

arising under 28 U.S.C. § 1983, *see id.* at 1, his causes of action are state law claims for legal malpractice and breach of contract, *see id.* at 3-8.  Nor can the claims be brought under 28 U.S.C. § 1983.  A threshold requirement for proceeding with any § 1983 claim is that the defendant acted "under color of state law" with respect to the alleged deprivation of the plaintiff's constitutional rights.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  It is settled law that a privately-retained attorney does not act under color of state law for § 1983 purposes.  *Briley v. State of Cal.*, 564 F.2d 849, 855 (9th Cir. 1977).  Hence, the amended complaint does not allege claims brought pursuant to federal law.

In light of the above, the Court lacks subject matter jurisdiction under the federal question provision.  *See* 28 U.S.C. § 1343(a)(3).  In addition, the amended complaint does not provide an alternative basis for this Court to hear Plaintiff's state law claims.  More specifically, the amended complaint does not provide a basis to exercise diversity jurisdiction in this matter, which requires that the parties be citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  No showing has been made in the amended complaint as to the diverse citizenship of the parties.[2]

Accordingly, the amended complaint does not establish federal subject matter jurisdiction.  Although it appears unlikely that Plaintiff could cure the deficiencies identified herein, the Court will provide him an opportunity to do so if he believes he can.

### III.   CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's motion for leave to amend is **GRANTED**.

---

[2] As to the amount in controversy, Plaintiff alleges that he is entitled to $820,000 in damages. Docket No. 8-1 at 9. A representation as to the amount in controversy must be supported by facts and courts are not required to accept a "bold and optimistic prediction." *See Suber v. Reliance Nat'l Indem. Co.*, 110 F. Supp. 2d 1227, 1231-32 (N.D. Cal. 2000); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003); *Christensen v. N.W. Airlines, Inc.*, 633 F.2d 529, 530-31 (9th Cir. 1980). In this case, the complaint alleges that Plaintiff should be repaid a $50,000 retainer and that he lost a motorcycle valued at $8,000-$9,000. *See* Docket No. 8-1 at 2, 8. Those damages do not exceed $75,000. Moreover, it is not clear that the other damages identified are unattainable given the issues alleged. The Court need not herein make a ruling as to the amount of controversy, however, given that diversity of citizenship has not been shown.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's amended complaint (Docket No. 8-1) on the docket.

3. The amended complaint is **DISMISSED** with leave to amend. Plaintiff will have until **August 31, 2023**, to file a second amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order may result in dismissal of this case.**

IT IS SO ORDERED.

Dated: July 27, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).